UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LENORE REYNOLDS,                                   Case No.:

Plaintiff,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

Defendant.
_____/

## COMPLAINT

Plaintiff, LENORE REYNOLDS ("Plaintiff"), brings this action against Defendant,

AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("Defendant" or "ABIC"),

and alleges the following:

### JURISDICTION AND VENUE

1. This is an action to recover unpaid benefits under a Standard Flood Insurance Policy issued pursuant to the National Flood Insurance Program ("NFIP").

2. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 4072 and 28 U.S.C. § 1331.

3. Venue is proper in this Court because the insured property is located in Pinellas County, Florida, the flood loss occurred in Pinellas County, Florida, and Pinellas County lies within the Tampa Division of the Middle District of Florida.

### THE PARTIES

4. Plaintiff is a natural person and the named insured under the subject flood insurance policy covering the real property located at 3049 57th Street South, Gulfport, Florida

1

33707 (the "Property").

5. Defendant, American Bankers Insurance Company of Florida, is the Write-Your-Own carrier that issued the subject Standard Flood Insurance Policy and handled the claim at issue in this action.

**FACTUAL ALLEGATIONS**

6. Defendant issued a Revised Flood Insurance Policy Declarations page for Policy No. 5051153855 for the policy period of July 18, 2024 through July 18, 2025, insuring the Property. A copy of the declarations page is attached hereto as Exhibit A.

7. The policy provided, among other things, Building Property coverage with a limit of $250,000.00 and Personal Property/Contents coverage with a limit of $66,000.00, subject to applicable deductibles, terms, and conditions. See Exhibit A.

8. On or about September 26, 2024, during the policy period, the Property sustained a direct physical loss by or from flood.

9. Plaintiff timely reported the flood loss and made claim under the policy.

10. Plaintiff complied with the material post-loss obligations imposed by the policy, including submitting a policyholder-prepared Sworn Proof of Loss executed on March 25, 2025. A copy of the March 25, 2025 Sworn Proof of Loss is attached hereto as Exhibit B.

11. Plaintiff's March 25, 2025 Sworn Proof of Loss sought payment for Building Property damages and Personal Property/Contents damages arising from the September 26, 2024 flood loss. See Exhibit B.

12. By correspondence dated June 16, 2025, Defendant issued its written claim determination and advised Plaintiff that it was issuing payment in the amount of $122,652.83 for

Building Property and $14,860.23 for Personal Property/Contents. A copy of that Explanation of Benefits and partial denial letter is attached hereto as Exhibit C.

13. In the same June 16, 2025 correspondence, Defendant advised that it was denying a portion of the claim pursuant to the Standard Flood Insurance Policy. See Exhibit C.

14. The June 16, 2025 correspondence constitutes a written partial disallowance / partial denial of Plaintiff's claim.

15. Defendant made partial payments on the claim both before and after Plaintiff's March 25, 2025 Sworn Proof of Loss, but failed and/or refused to pay all benefits due and owing under the policy for the September 26, 2024 flood loss.

16. Plaintiff has satisfied all applicable conditions precedent to filing this action, including submission of the March 25, 2025 signed and sworn Proof of Loss, or any such conditions have otherwise been waived, excused, or satisfied.

17. As a direct and proximate result of Defendant's underpayment and partial denial of the claim, Plaintiff has suffered damages.

## COUNT I

### RECOVERY OF POLICY BENEFITS UNDER THE SFIP

18. Plaintiff realleges paragraphs 1 through 17 as if fully set forth herein.

19. The policy was valid and in force on the date of loss.

20. Plaintiff sustained direct physical loss by or from flood to insured property at the Property during the policy period.

21. Plaintiff complied with the policy's material post-loss obligations, including submission of the March 25, 2025 signed and sworn Proof of Loss and supporting documentation, or any further conditions precedent were waived, excused, or otherwise satisfied.

22. Defendant partially disallowed the claim and failed to pay all covered amounts owed under the policy.

23. Plaintiff is entitled to recover the additional Building Property and/or Personal Property/Contents benefits owed under the policy, up to the applicable limits, less prior payments and subject to applicable deductibles.

24. As a direct and proximate result of Defendant's failure to pay all benefits due under the policy, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant for the unpaid covered benefits due under the Standard Flood Insurance Policy, up to the applicable policy limits, less prior payments and subject to applicable deductibles, together with taxable costs, post-judgment interest as allowed by law, and such other relief as the Court deems just and proper.

Respectfully submitted,

**ROSSO LEGAL, P.A.**
8403 Pines Blvd. #1243
Pembroke Pines, Florida 33024
Telephone: 954-306-1200
smr@rossolegal.com

**By: /s/Scott M. Rosso**
Scott M. Rosso, Esq.
Florida Bar No. 505757
Counsel for Plaintiff

## EXHIBIT LIST

**Exhibit A** — Revised Flood Insurance Policy Declarations
**Exhibit B** — March 25, 2025 Signed Sworn Proof of Loss
**Exhibit C** — Explanation of Benefits and Partial Denial Letter dated June 16, 2025